UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY HARRY DABISH,

    Plaintiff,

v.                                                                                  Civil Case No. 19-11442
                                                                                    Honorable Linda V. Parker

WAYNE COUNTY AIRPORT
AUTHORITY; DEPUTY CHIEF THOMAS
ZAHINA; INVESTIGATOR RYAN
CARROLL; and INVESTIGATOR ERIK
JOHANSEN

Jointly and Severally,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 29)

This lawsuit arises from Plaintiff's arrest and imprisonment following his arrival at the Detroit Metropolitan Airport, as well as the seizure of $30,000 in cash. In a Complaint filed on May 16, 2019, Plaintiff alleges that Wayne County Airport Authority Board of Directors, Deputy Chief Thomas Zahina, Investigator Ryan Carroll, and Investigator Erik Johansen, (collectively "Defendants"), engaged in (i) statutory conversion; (ii) common law conversion; (iii) unlawful seizure in violation of the Fourth Amendment and Article 1 § 11 of the Michigan Constitution; (iv) a violation of the Civil Rights Act pursuant to 42 U.S.C. § 1983

and 42 U.S.C. § 1988; and (v) civil conspiracy. (Compl. ¶¶ 20-58, ECF No. 1 at Pg. ID 4-8.) The matter is presently before the Court on Plaintiff's motion to file an amended complaint to add a race discrimination claim under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 against Defendants. (Pl.'s Mot., ECF No. 29.) The motion has been fully briefed. (ECF Nos. 31, 32.)

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On November 30, 2018, Plaintiff—who is of Chaldean descent—was traveling from Detroit Metropolitan Airport to Las Vegas, Nevada for a gambling trip. (Compl. ¶¶ 9, 10, ECF No. 1 at Pg ID 2.) Plaintiff alleges that he frequently travels with a large quantity of cash to spend on his gambling trips. (*Id.* ¶ 11, Pg. ID 3.) On this occasion, Plaintiff carried $30,000.00. (*Id.*) Wayne County Airport Police ("WCAP") officers seized the cash, alleging that the cash was to be used for a drug transaction. (*Id.* ¶ 12, Pg. ID 3.) According to a Notice of Seizure dated on the same day, Plaintiff had 20 days to submit a written notice of claim of interest. (*Id.* ¶ 13, Pg. ID 3.) On December 17, John Anthony Akouri, attorney for Plaintiff, served an Objection on WCAP by hand delivery, receipt of which was acknowledged by the agency. (*Id.* ¶ 14, Pg. ID 3.) On February 5, counsel attempted to contact the Records Department at the Wayne County Airport

---

[1] Plaintiff alleges identical background facts in his Proposed Amended Complaint. (*See* Pl.'s Mot. Ex. A, ECF No. 29 at Pg. ID 246-47.)

2

Authority ("WCAA") to check the status of the Objection but received no response. (*Id.* ¶ 15, Pg. ID 3.) On February 15, counsel again attempted to contact the Records Department at the WCAA to check the status of the Objection but again received no response. (*Id.* ¶ 16, Pg. ID 3.) On February 20, counsel faxed a letter—which included the December 17 Objection—to Defendant Carroll asking for a status update but received no response. (*Id.* ¶ 17, Pg. ID 3.) On February 26, counsel spoke to Defendant Johansen asking for an update but received no response. (*Id.* ¶ 18, Pg. ID 3.) On March 26, counsel faxed another letter to Defendant Carroll and was informed that the funds had already been forfeited. (*Id.* ¶ 19, Pg. ID 3.)

On May 16, Plaintiff filed a Complaint alleging (i) statutory conversion; (ii) common law conversion; (iii) unlawful seizure under the Fourth Amendment and Article 1 § 11 of the Michigan Constitution; (iv) violation of the Civil Rights Act pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988; and (v) civil conspiracy. (*Id.* ¶¶ 20-58, Pg. ID 4-8.)

Plaintiff now moves to amend his Complaint to add a count for racial discrimination pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. (Pl.'s Mot., ECF No. 29.)

## APPLICABLE STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## APPLICABLE LAW AND ANALYSIS

In this proposed count, Plaintiff alleges that Defendants—"[d]espite lacking any reasonable articulable suspicion"—"accosted" Plaintiff "based upon his racial profile." (Pl.'s Mot. ¶ 64, ECF No. 29 at Pg. ID 253.) Plaintiff further alleges that he was "unreasonably and unfairly targeted by Defendants for harassment, abuse and discrimination." (*Id.* ¶ 63, Pg. ID 253.) And "[d]espite finding no evidence of illegal activity on the part of Plaintiff, Defendants seized and converted $30,000

of Defendant's money to their own use." (*Id.* ¶ 65, Pg. ID 253.)  The Court construes this count as bringing a claim under the Fourteenth Amendment's Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  "'To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.'" *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996).  Notably, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983." *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)).

Plaintiff's sparse allegations that Defendants discriminated against him "based upon his racial profile" are entirely speculative.  There is no specific factual allegation from which a reasonable factfinder could infer that Defendants discriminated against Plaintiff because of his race.  Indeed, Plaintiff alleges no facts even suggesting a nexus between Defendants' actions and his race.

Moreover, the facts as alleged by Plaintiff do not suggest that the individual Defendants were present at the time the cash was seized or that they were in anyway involved in "accosting" or "targeting" Plaintiff on the day in question. In short, Plaintiff cannot state a viable race discrimination claim against Defendants.

## CONCLUSION

Because Plaintiff's proposed amendment would be futile, the Court denies Plaintiff's Motion to Amend Complaint.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 15, 2020