UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY HARRY DABISH,

    Plaintiff,

v.

WAYNE COUNTY AIRPORT
AUTHORITY; DEPUTY CHIEF THOMAS
ZAHINA; INVESTIGATOR RYAN
CARROLL; and INVESTIGATOR ERIK
JOHANSEN

    Defendants.
_____/

Civil Case No. 19-11442
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 34, 35)

This lawsuit arises out of the seizure of $30,000 held in Plaintiff Jeffrey Harry Dabish's duffle bag just before he boarded a flight from the Detroit Metropolitan Airport. In a Complaint filed May 16, 2019, Plaintiff alleges that the Wayne County Airport Authority Board of Directors, Deputy Chief Thomas Zahina, Investigator Ryan Carroll, and Investigator Erik Johansen (collectively "Defendants"), engaged in (i) statutory conversion; (ii) common law conversion; (iii) unlawful seizure in violation of the Fourth Amendment and Article 1 § 11 of

the Michigan Constitution; (iv) a violation of the Civil Rights Act pursuant to 42 U.S.C. §§ 1983 and 1988; and (v) civil conspiracy. (ECF No. 1 at Pg. ID 4-8.)

Before the Court are Defendants' motions for summary judgment. (ECF Nos. 34, 35.) Plaintiff did not file a response brief within the 21 days that followed submission of each motion. On July 9, 2020 the Court ordered Plaintiff to show cause, in writing, by no later than July 16, why Defendants' motions should not be granted. (ECF No. 39.) Plaintiff did not respond to the Court's order.

However, on July 20, Plaintiff filed a "Response to Motion for Summary Disposition." (ECF No. 40.) The filing does not indicate the summary judgment motion to which it serves as a response. On July 27, the parties engaged in a settlement conference before Magistrate Judge R. Steven Whalen. No settlement was reached.

On August 6, the Court held a hearing regarding the motions, at which time Plaintiff's counsel conceded that the July 20 filing does not specifically address the arguments set forth in either summary judgment brief. When given the chance to expound at the motion hearing, Plaintiff's counsel failed to articulate any arguments responding to those asserted in Defendants' briefs. In fact, Plaintiff's counsel seemed to concede that, after his client was deposed, it became apparent that his section 1983 claims failed on the merits.

2

For the reasons set forth in Defendants' summary judgment motions and for the reasons stated by defense counsel during the motion hearing, the Court grants Defendants' motions. *See McPherson v. Kelsey*, 125 F. 3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *Boone v. Heyns*, No. 12-14098, 2017 WL 3977524, at *5 (E.D. Mich. Sept. 11, 2017) (finding arguments "conceded and waived" where plaintiff "did not refute [the] argument[s] in his response brief (citing *McPherson*, 125 F. 3d at 995-96)).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 6, 2020